**UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1) | **ESTATE OF ANTHONY KADE DAVIS, on behalf of the deceased, Anthony Kade Davis,** | ) ) ) |
| | | ) |
| | **Plaintiff,** | ) |
| | | ) |
| vs. | | ) |
| | | ) |
| 1) | **THE SHERIFF OF CANADIAN COUNTY, a political subdivision, and** | ) ) ) |
| 2) | **THE BOARD OF COUNTY COMMISSIONERS OF CANADIAN COUNTY, a political subdivision,** | ) ) ) |
| | | ) |
| | **Defendants.** | ) |

**Case No.: CIV-17-807-R**

## AMENDED COMPLAINT

COMES NOW the Plaintiff, the Estate of Anthony Kade Davis, and for its causes of action, does hereby allege and state as follows:

## INTRODUCTION

1.     On or about June 5, 2016, Anthony Davis ("Davis") was found unresponsive in his jail cell at the Canadian County Detention Center ("Detention Center"). Shortly thereafter, Davis was pronounced dead at the age of forty-six (46).

2.     At all pertinent times, Davis was a pretrial detainee, detained at the Detention Center for failure to appear on a misdemeanor DUI court appearance. It appears to be unknown to staff of the Detention Center as to how long Davis was

naked and unresponsive prior to his death, and as to the causes of his injuries to his face/head and body, or why he was covered in feces, or the ultimate cause of Davis' death.

3.    Defendants had prior notice of mental and physical health complications associated with Davis in the preceding 60 days, but no effort was taken to provide proper safety or medical care to Davis.

## JURISDICTION AND VENUE

4.    The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343, as well as 42 U.S.C. §1983. This Court has supplemental jurisdiction over Plaintiff's state law causes of action pursuant to 28 U.S.C. §1367, as such claims form part of the same case or controversy arising under the United States Constitution and federal law.

5.    The matter in controversy exceeds $75,000, exclusive of costs and interests.

6.    Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the geographic boundaries United States Western District.

## PARTIES

7.    The Plaintiff, the Estate of Anthony Kade Davis is a recognized party and proper Plaintiff, and the proper representative for Anthony Kade Davis in an action for damages pursuant to 42 U.S.C. §1983.

8.      The Defendant, the Sheriff of Canadian County ("Sheriff"), is and was, at all times relevant hereto, the duly elected official responsible for the policies and procedures, as well as the actions of the employees of, the Sheriff of Canadian County. In addition, the Sheriff of Canadian County resides in Canadian County, Oklahoma, and at all relevant times, is and was the entity responsible for the operation of the Canadian County Detention Center, and the entity responsible for ensuring the safety and well-being of inmates and detainees housed at the Canadian County Detention Center, including the provision of appropriate medical care and treatment to inmates and detainees, pursuant to 57 O.S. §47. In addition, Defendant Sheriff is, and was at all times pertinent hereto, responsible for creating, adopting, approving, ratifying, and enforcing the rules, regulations, policies, practices, procedures, and/or customs of the Canadian County Sheriff's Office and the Canadian County Detention Center.

9.      At all times pertinent to the events giving rise to this action, Defendants and/or their employees were acting under color of state law.

10.     Plaintiff submitted to Defendants a Notice of Tort Claim, pursuant to the requirements of the Oklahoma Governmental Tort Claims Act, and such notice was received by the Defendants on November 2, 2016. Defendants took no action in response to the notice of tort claim, and it was deemed denied on January 31, 2017. This case was filed timely within the requirements of the Oklahoma Governmental Tort Claims Act.

## ALLEGATIONS OF FACT

11.     Plaintiff adopts and incorporates by paragraphs 1-10 above, as if fully set forth herein.

12.     On or about April 4, 2016, Mr. Davis was arrested by the El Reno Police Department for the misdemeanor offense of Driving a Motor Vehicle while Under the Influence of Alcohol ("DUI").

13.     In association with his arrest of April 4, 2016 ("First Arrest"), Davis was detained at the Canadian County Detention Center.

14.     Following his first arrest and during his detention at the Detention Center, Davis was found sitting on a bench in the release area. He was awake, but confused. The Detention Center's medical staff reported that Davis had a seizure on or about April 6, 2016, and had progressively gotten more confused. On or about April 7, 2016, there was evidence of bruising and swelling on the person of Mr. Davis.

15.     On April 7, 2016, Davis was formally arraigned before the Canadian County District Court, and a bond was set in that matter in the amount of $7,500.

16.     On April 13, 2016, Davis was appointed a public defender, and granted a personal recognizance bond and released from custody of the detention center.

17.     On May 17, 2016, the District Court of Canadian County issued a bench warrant for Davis' failure to appear for the court appearance associated with his misdemeanor DUI charge.

18.     On May 31, 2016, Davis was arrested near his apartment pursuant to the bench warrant for failure to appear ("Second Arrest").

19.     At the time of his Second Arrest, Davis was booked into the Detention Center at 2:06 pm on May 31, 2016.

20.     On or about June 5, 2016, Davis was found unresponsive in his jail cell at the Detention Center, and he was pronounced dead the same day, at the age of forty-six (46).

21.     Prior to his death, Davis was, and was known to have been, ill for three (3) days, and he had denied use of any drugs in that time.

22.     At all times during his detention, Davis exhibited, and continued to exhibit, behaviors that clearly and unambiguously showed he was suffering from severe and acute mental and physical distress.

23.     During his detention, Davis was screaming, shouting and saying that he was in pain, having emotional distress, and pleading for assistance and care that went unanswered.

24.     During his detention and prior to his death, Davis suffered from at least one seizure, and the medical examiner later reported that Davis had a seizure within the days preceding his death.

25.     At all times during his detention, from the time he was booked into the Detention Center, Davis demonstrated that he was a physical threat to the safety of himself and/or others.

26.     Prior to his death, Davis was, and was known to have been, defecating in his jail cell for three (3) days, and his feces was black, coffee ground in nature or appearance, and foul smelling.

27.     On or about June 5, 2016, the date of his death, at the time Davis was found unresponsive, he was lying naked on the floor of a cell, unresponsive, suffering from observable external injuries, covered in human feces.

28.     Prior to his incarceration and death, Defendants were aware of his physical and mental health issues, his serious psychological problems, and his potential emergent needs that required hospitalization and/or medical care in advance of his death.

29.     On information and belief, Davis was not properly assessed for medical needs and conditions upon detention at the detention center, nor was he properly provided medications during his detention.

30.     Defendants did not take proper steps to ensure safety of Davis during his detention.

31.     Despite Davis' obvious, serious, emergent medical and mental health needs, the Defendants and their employees did not transport Davis to a hospital, physician, or mental health facility, nor did they take any action to provide proper care to Davis.

32.     Despite Davis' obvious, serious, emergent medical and mental health needs, the Defendants and their employees, failed to provide a diagnostic evaluation, testing, or assessment, or treatment related to the apparent physical

trauma and/or mental distress that was apparent and/or known or should have been known based upon dealings with Davis.

33.     Upon inspection of the body of Davis, post mortem, he presented injuries such as subdural lacerations and red/purple contusions about his body and person. It is unclear at this time if Mr. Davis was physically injured by others or made harm to himself while in custody and control of the Defendants either by seizure like injuries or even via self-harm based upon his physical and mental distresses.

34.     Defendants, at all times, acted with deliberate indifference to Mr. Davis' serious medical needs, in violation of his constitutional rights.

35.     Davis' constitutional rights were violated due to the policy or custom of the Defendant, the Sheriff of Canadian County, and/or the Defendant, the Board of County Commissioners, including but not limited to:

a.     A custom or policy of providing inadequate medical care;

b.     A custom or policy of failing to properly assess patients for serious medical needs;

c.     A custom or policy of failing to provide any medical care;

d.     A custom or policy of failing to properly train employees in the provision of medical care;

e.     A custom or policy of failing to supervise patients that demonstrate serious medical conditions and/or needs;

f.      A custom or policy of failing to respond to emergent needs due to contracts associated with the provision of medical care to detainees or inmates;

g.      A custom or policy of improperly delegating the medical care of inmates to others that are not properly qualified to provide constitutionally sufficient medical care;

h.      A custom or policy of failing to have adequate guidelines for standards of medical care;

i.      A custom or policy of failing to properly fund the medical care associated with the detainees or inmates at the detention center;

j.      A custom or policy of failure to properly staff, or understaffing, the detention center with properly qualified staff to manage, monitor, or treat the conditions of inmates with complex and serious mental health and physical needs;

k.      A custom or policy of denying psychological and/or mental health care to any detainee or inmate;

l.      A custom or policy of severely limiting the use of off-site medical, mental health, and diagnostic service providers, even in emergent situations, in disregard to known, obvious, or excessive risks to the health and safety of detainees and/or inmates;

j.      Further customs or policies that resulted in the violation of Davis' rights.

36.     Defendants had an affirmative duty to assess, observe, and provide appropriate medical care to Davis, and Defendants failed to uphold that duty.

37.    The actions of the Defendants described herein were the direct and/or proximate cause of the damages and, ultimately, the death of Davis.

## CLAIMS FOR RELIEF

### I. FIRST CAUSE OF ACTION - 42 U.S.C. §1983 - Denial of Medical Care (14th Amendment)

38.    Plaintiff adopts and incorporates paragraphs 1-37 above, as if fully set forth herein.

39.    Plaintiff presents this cause of action against all Defendants.

40.    The actions of the Defendants described hereinabove constitute a denial of medical care in violation of the rights of Anthony Davis, as guaranteed him by the Due Process clause of the Fourteenth Amendment to the United States Constitution.

41.    The Defendants acted with deliberate indifference to a serious and known medical need of Mr. Davis, in denying him proper medical care.

42.    The actions of the Defendants and their employees were taken pursuant to the policies or customs of the Defendants as set forth, and therefore, Defendants shall be liable to Plaintiff for the violation of Davis' rights.

43.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages, including but not limited to the loss of his life, pecuniary loss (including lost wages), grief, pain and suffering, and emotional distress, for which he is entitled to recover.

## II. SECOND CAUSE OF ACTION - 42 U.S.C. §1983 - Substantive Due Process (14th Amendment)

44.     Plaintiff adopts and incorporates paragraphs 1-43 above, as if fully set forth herein.

45.     Plaintiff presents this cause of action against all Defendants.

46.     The actions of the Defendants described hereinabove constitute a denial of Anthony Davis right to substantive due process, as guaranteed him by the Due Process clause of the Fourteenth Amendment to the United States Constitution.

47.     The actions of the Defendants in their denial of Davis' life, liberty, and/or property, is shocking to the conscience, and therefore in violation of the rights due and owed him under the Constitution.

48.     The actions of the Defendants and their employees were taken pursuant to the policies or customs of the Defendants as set forth, and therefore, Defendants shall be liable to Plaintiff for the violation of Davis' rights.

49.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages, including but not limited to the loss of his life, pecuniary loss (including lost wages), grief, pain and suffering, and emotional distress, for which he is entitled to recover.

### III. THIRD CAUSE OF ACTION - Negligence/Wrongful Death

50.     Plaintiff adopts and incorporates paragraphs 1-49 above, as if fully set forth herein.

51.    Plaintiff presents this cause of action against all Defendants.

52.    Defendants owed a duty to Mr. Davis, to use reasonable care to provide him with appropriate assessment, evaluation, treatment and supervision.

53.    Defendants breached their duty of reasonable care by failing to provide Davis with proper assessment, evaluation, treatment, and/or supervision.

54.    Defendants breaches of duty of care include, but are not limited to, the failure to provide adequate or timely mental and physical health evaluations of Davis; failure to provide any assessment of Davis' probable physical trauma and/or mental distress and history; failure to provide proper classification and segregation of Mr. Davis as mentally and physically ill; failure to provide timely or adequate mental health and/or medical treatment for Mr. Davis; failure to conduct appropriate psychiatric treatment or access to a psychiatric or medical facility capable of providing care to Mr. Davis; failure to provide adequate monitoring or supervision of Mr. Davis; failure to check Mr. Davis' vital signs; and failure to take precautions to prevent Davis from harming himself or not otherwise being harmed.

55.    The actions of the Defendants in breaching the duties owed to Mr. Davis were the direct and/or proximate cause of Davis' injuries and, ultimately, death.

56.    As a direct and proximate result of the Defendants' actions, Mr. Davis suffered damages, including but not limited to loss of life, pecuniary loss, economic damages, grief, emotional distress and pain and suffering, for which he is entitled to recover.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant the relief sought including, but not limited to, actual damages, with interest accruing from the date of filing of suit, compensatory damages, together with costs and reasonable attorneys' fees, together with any other relief deemed appropriate by this Court.


ATTORNEY'S LIEN CLAIMED

JURY TRIAL DEMANDED



         _s/Dustin J. Hopson_____
         Dustin J. Hopson, OBA #19485
         The Blau Law Firm
         101 Park Avenue, #600
         Oklahoma City, OK 73102
         Telephone: (405) 232-2528
         Email: dustin@blaulawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March, 2018, a true and correct copy of this Amended Complaint was submitted via the ECF/Electronic Filing system to the counsel of record for the Defendants:

Stephen L. Geries:          slg@czwlaw.com


_s/Dustin J. Hopson_____
Dustin J. Hopson

13